Thomas F. Meagher
Michael D. Loughnane
MEAGHER EMANUEL LAKS GOLDBERG & LIAO, LLP
One Palmer Square
Suite 325
Princeton, NJ 08542
Tel: (609) 454-3500

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON DIVISION

| | |
|---|---|
| GLOBAL GRINDERS (PTY) LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:19-cv-3337 |
| | ) Jury Trial Demanded |
| WBM, LLC, and | ) |
| WBM INTERNATIONAL, LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Global Grinders (Pty) Ltd. ("Plaintiff" or "Global Grinders"), by and through its undersigned attorneys, files this Complaint against Defendants WBM, LLC and WBM International, LLC (collectively, "Defendants" or "WBM"). The "Asserted Patent", attached hereto as Exhibit A and incorporated herein by reference, is U.S. Patent No. 7,284,719 issued October 23, 2007.  Global Grinders alleges as follows:

### THE PARTIES

1.      Global Grinders is a South African private company with its principal place of business at Cnr Honeywell and Evelyn Rd, Retreat, Cape Town, South Africa 7945.

2.      Upon information and belief, WBM, LLC is a New Jersey limited liability company with

a principal place of business at 54 Highway 12, Flemington, New Jersey 08822.

3. Upon information and belief, WBM International, LLC is a New Jersey limited liability company with a principal place of business at 54 Highway 12, Flemington, New Jersey 08822.

## NATURE OF THE ACTION

4. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C §§ 1331 and 1338(a), as the action states substantial claims arising under the Patent Laws of the United States, 35 U.S.C. § 1, et seq.

6. Upon information and belief, personal jurisdiction is proper in this Court as to Defendant WBM, LLC because it, directly or through subsidiaries or other intermediaries, imports, distributes, offers for sale, and/or sells its products, including infringing rotatable, adjustable spice grinder products, in this District.

7. Upon information and belief, personal jurisdiction is proper in this Court as to Defendant WBM International, LLC because it, directly or through subsidiaries or other intermediaries, imports, distributes, offers for sale, and/or sells its products, including infringing rotatable, adjustable spice grinder products, in this District.  The undersigned attorneys certify that to the best of their knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, these factual contentions have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## U.S. PATENT NO. 7,284,719

9. David Stephen Delbridge and Patrick John Delbridge are the named inventors of the Asserted Patent.

10. The Asserted Patent has been assigned to Global Grinders.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,284,719

11. Global Grinders incorporates the allegations of paragraphs 1 through 10, above.

12. Upon information and belief, one or both Defendants have infringed, and continue to infringe, at least claim 1 of the Asserted Patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell and/or selling in the United States, and/or importing into the United States rotatable, adjustable spice grinder products, and at least each of the products of one or both Defendants identified below meet each and every element of at least claim 1 of the Asserted Patent, either literally or equivalently.

13. More specifically, WBM markets and sells rotatable, adjustable spice grinder products, including but not limited to Himalayan Chef's 5303 Himalayan Pink Salt Refillable Grinder, 5325 100% Natural Black Pepper, 5327 Roasted Onion And Crushed Red Pepper, 5328 Rainbow Pepper Corn & Salt Grinder, 5329 Chipotle Pink Salt Grinder, 5580 Whole Black Pepper Jar, ORG-GR-5101 Organic Black Pepper Glass Grinder, ORG-GR-5102 Rainbow Pepper Corn & Himalayan Pink Salt, ORG-GR-5103 Onion & Crushed Pepper, ORG-GR-5104 Garlic & Crushed Pepper With Salt, ORG-GR-5105 Chipotle With Himalayan Salt, ORG-GR-5106 Himalayan Salt And Lemon Peel, 5303AX2 Pink Salt And Black Pepper Grinder Set, SR20 Pink Salt And Black Pepper Set With Holder, and 5358+ORG-GR-AX5 Spices Offer, as depicted in Exhibit B, each of which, upon information and belief, infringes at least claim 1 of the Asserted Patent, as detailed below.

14. WBM's rotatable, adjustable spice grinder products comprise a first static component which includes means by which said first static component can be attached to a neck of a container, wherein said first static component includes a first set of teeth, as called for in claim 1 and depicted in Exhibit C.

15. WBM's rotatable, adjustable spice grinder products also comprise a second rotatable component which fits on said first static component wherein said second rotatable component includes a second set of teeth, as called for in claim 1 and depicted in Exhibit C.

16. The first static component of WBM's rotatable, adjustable spice grinder products forms a tapering bore between said first set of teeth projecting inwardly from a surface of said first static component, as called for in claim 1 and depicted in Exhibit C.

17. The second set of teeth of WBM's rotatable, adjustable spice grinder products project inwardly from said second rotatable component, as called for in claim 1 and depicted in Exhibit C.

18. The second rotatable component of WBM's rotatable, adjustable spice grinder products has said second set of teeth thereof in said tapering bore, wherein grinding takes place in a gap between said first set of teeth of said first static component and said second set of teeth of said second component upon said second rotatable component being rotated with respect to said first static component, as called for in claim 1 and depicted in Exhibit C.

19. The second rotatable component of WBM's rotatable, adjustable spice grinder products also comprises a first circumferentially extending groove and a second circumferentially extending groove spaced axially from said first circumferentially extending groove and parallel thereto, as called for in claim 1 and depicted in Exhibit C.

20. The first static component of WBM's rotatable, adjustable spice grinder products also comprises a circumferentially extending rib which, upon said first static component and said second rotatable component are displaced axially relatively to one another, which leaves said circumferentially extending groove in which it is seated and snaps into said second circumferentially extending groove and is located in an adjusted position to vary a spacing between said toothed portion of said second rotatable component and said teeth of the first static component, as called for in claim 1 and depicted in Exhibit C.

21. Upon information and belief, one or both Defendants sells these products through its websites, including at least: WBM International (wbminternational.com), Himalayan Chef (himalayanchef.com), and Salt 84 (salt84.com); through its Himalayan Chef Amazon store; and via arrangements, through other retailers, including but not limited to, Wayfair, Overstock, Bed Bath & Beyond, Meijer and Big Lots.

22. The infringement by Defendants of the Asserted Patent has injured Plaintiff and will cause Plaintiff added irreparable injury and damage in the future unless Defendants are enjoined from infringing said patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Global Grinders respectfully requests a judgment:

A. That Defendants have infringed and are infringing the Asserted Patent;

B. That Defendants be ordered to pay Plaintiff damages adequate to compensate for Defendants' infringement of the Asserted Patent, in accordance with 35 U.S.C. § 284;

C. That the Court permanently enjoin Defendants from making, having made, selling, offering for sale, distributing and/or using products that infringe the Asserted Patent, in the United States; and

D. That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Global Grinders hereby demands trial by jury on all claims and issues so triable.

Respectfully submitted,

Dated: January 31, 2019

By: /s/Thomas F. Meagher
MEAGHER EMANUEL LAKS
GOLDBERG & LIAO, LLP
Thomas F. Meagher
tmeagher@meagheremanuel.com
Michael D. Loughnane
mloughnane@meagheremanuel.com
One Palmer Square
Suite 325
Princeton, NJ 08542
Tel: (609) 454-3500

Attorneys for Global Grinders (Pty) Ltd.